UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LUIS BASURTO,

        Plaintiff,

   -against-

STEVE OSMAN, BOB FATHELBAB, and
Z-TWO DINER & LOUNGE INC.

        Defendants.
-------------------------------------------------------------X

**ORDER**
**12 CV 3190 (LB)**

**BLOOM, United States Magistrate Judge:**

      The Court held a settlement conference in this Fair Labor Standards Act (FLSA) action on January 16, 2013 and the parties settled the case on the record. As the FLSA requires judicial approval of settlement agreements, see Marfak v. Vincenzo Peretta & Volatour, Inc., No. 10 Civ. 7785 (DLC), 2011 U.S. Dist. LEXIS 48994, at *4-5 (S.D.N.Y. May 6, 2011), the parties filed a joint motion for settlement approval on February 14, 2013 (ECF No. 23).[1] I hereby approve the proposed settlement agreement for the reasons stated below.

      Courts reviewing a FLSA settlement agreement "must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Mosquera v. Masada Auto Sales, Ltd., No. 09-cv-4925, 2011 WL 2822327, at *1 (E.D.N.Y. Jan. 25, 2011) (quoting Le, 2008 WL 724155 at *1). In making this determination, the Court takes into account the "(1) complexity, expense, and likely duration of the litigation, (2) stage of the proceedings, (3) risks of establishing liability, (4) risks of establishing damages, (5) ability of defendants to withstand a larger judgment, and (6) reasonableness in light of best possible recovery and all risks of litigation."

---

[1] The parties consent to the jurisdiction of a United States Magistrate Judge. (ECF No. 22.)

Peralta v. Allied Contracting II Corp., No. 09-cv-0953, 2011 WL 3625319, at *1 (E.D.N.Y. Aug. 1, 2011) (citing Misiewicz v. D'Onofrio Gen. Contractors Corp., No. 08-CV-4377, 2010 WL 2545439, at *4 (E.D.N.Y. May 17, 2010)).  The Court also reviews attorney's fees in FLSA settlement agreements for reasonableness.  Falleson v. Paul T. Freund Corp., 736 F. Supp. 2d 673, 674 (W.D.N.Y. 2010).  There is a "greater range of reasonableness" where, as here, "the parties [have] settled on the fee through negotiation."  Misiewicz, 2010 WL 2545439, at *5.  Nonetheless, the Court should ensure that simultaneous negotiation of fees and settlement amounts did not create improprieties or conflicts.  Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997).

      The Court finds that the instant settlement "reflects a reasonable compromise over contested issues."  Diaz v. Scores Holding Co., Inc., No. 07-cv-8718, 2011 WL 6399468, at *3 (S.D.N.Y. Jul. 11, 2011).  The parties' proposed settlement was the result of "arm's length negotiations, which were undertaken in good faith by counsel," and which were mediated, in part, by this Court.  Reyes v. Buddha–Bar NYC, No. 08–CV–2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009); see also Palacio v. E*Trade Fin. Corp., No. 10-cv-4030, 2012 WL 2384419, at *5 (S.D.N.Y. Jun. 22, 2012) (approving FLSA settlement that "was the result of contested litigation and arm's-length negotiation"); Diaz, 2011 WL 6399468, at *2 ("In FLSA settlements , . . . arm's length negotiations involving counsel and a mediator raise a presumption that the settlement achieved is procedurally fair, reasonable, adequate, and not a product of collusion.").  Moreover, in light of the disputed issues of fact regarding plaintiff's wages and hourly rates, the lack of complete employment and payroll records, and the likely duration of discovery and trial, the terms of the settlement agreement are reasonable and fair.  Misiewicz, 2010 WL 2545439, at *4; see also Reyes, 2009 WL 5841177, at *3 (approving settlement and

noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

The Court has reviewed the parties' proposal regarding the attorneys' fees and costs and supplemental records regarding plaintiff's attorneys' rates and hours, in order to determine whether the fees to be paid fall within the "prevailing [market rates] in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Cho v. Koam Medical Services P.C., 524 F.Supp.2d 202, 206 (E.D.N.Y.2007). Courts in this disctrict have held a $250 hourly fee for an associate like plaintiff's counsel to be reasonable. See, e.g., Callier v. Superior Bldg. Servs., Inc., No. 09-cv-4590, 2010 WL 5625906, at *6 (E.D.N.Y. Dec. 22, 2010) (approving hourly rates of $350 for partner and $250 for associate in "relatively straightforward" FLSA case where "all three defendants defaulted"). Moreover, plaintiff's counsel's records demonstrate that his fees if billed by the hour actually far exceed the $1,500 he will receive as part of this settlement. The Court therefore approves the attorneys' fees and costs agreed to by the parties.

Accordingly, the Court approves the settlement agreement and this case is dismissed. The Clerk of Court is directed to close this case. The Court shall retain jurisdiction over this matter until settlement is consummated. Either party may, on notice to the other side, file to reopen if settlement is not effectuated in accordance with the terms of the settlement agreement.
SO ORDERED.

                              /S/
                         LOIS BLOOM
                         United States Magistrate Judge

Dated: February 22, 2013
       Brooklyn, New York

3